UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JINCAI YANG, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ACETO CORPORATION, WILLIAM C. KENNALLY III, and DOUGLAS ROTH,<br><br>　　　　　　　　　　　　Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Jincai Yang ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants, alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Aceto Corporation ("Aceto" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.　　　This is a federal securities class action on behalf of a class consisting of all persons other than Defendants who purchased or otherwise acquired Aceto securities between

1

February 1, 2018 through April 18, 2018, both dates inclusive (the "Class Period"), seeking to recover damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company and certain of its top officials.

2. Aceto Corporation markets, sells, and distributes human health products, pharmaceutical ingredients, and performance chemicals. The Company offers finished dosage form generics, nutritionals, pharmaceutical intermediates, active pharmaceutical ingredients, specialty chemicals, and agricultural protection products.

3. Founded in 1947, Aceto is headquartered in Port Washington, New York, and its securities trade on the NASDAQ Global Select Market ("NASDAQ") under the ticker symbol "ACET."

4. Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) due to undisclosed competitive and pricing pressures, Aceto was unlikely to meet the performance metrics the Company provided to its investors as financial guidance; (ii) accordingly, Aceto's financial guidance was overstated; and (iii) as a result of the foregoing, Aceto's financial statements and Defendants' statements about Aceto's business, operations, and prospects, were materially false and misleading at all relevant times.

5. On April 18, 2018, after the market closed, Aceto disclosed that "the financial guidance issued on February 1, 2018, should no longer be relied upon," and suspended "further financial guidance for at least the balance of the fiscal year." Aceto also disclosed that "the

Company anticipates recording non-cash intangible asset impairment charges, including goodwill, in the range of $230 million to $260 million on certain currently marketed and pipeline generic products as a result of continued intense competitive and pricing pressures." Aceto also disclosed the resignation of its Chief Financial Officer ("CFO"), Edward Borkowski, who had joined Aceto just two months earlier.

6. As a result of the disclosure, Aceto's stock price fell $4.74 per share, or 64%, to close at $2.66 per share on April 19, 2018.

7. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

**JURISDICTION AND VENUE**

8. The claims asserted herein arise under and pursuant to §§10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331 and Section 27 of the Exchange Act.

10. Venue is proper in this Judicial District pursuant to § 27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391(b). Aceto maintains its principal executive officers in this Judicial District. Many of the acts charged herein, including the preparation and dissemination of materially false and misleading information, occurred in substantial part in this Judicial District.

11. In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce,

including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

12. Plaintiff, as set forth in the attached Certification, acquired Aceto's securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

13. Defendant Aceto is incorporated in New York, with principal executive offices located at 4 Tri Harbor Court, Port Washington, New York 11050. Aceto's securities trade on the NASDAQ under the ticker symbol "ACET."

14. Defendant William C. Kennally III ("Kennally") has served as the Company's Chief Executive Officer ("CEO") and President since October 2017.

15. Defendant Douglas Roth ("Roth") served as the Company's CFO from May 2001 to March 2018.

16. The Defendants referenced above in ¶¶ 14-15 are sometimes referred to herein collectively as the "Individual Defendants."

17. The Individual Defendants possessed the power and authority to control the contents of Aceto's SEC filings, press releases, and other market communications. The Individual Defendants were provided with copies of the Company's SEC filings and press releases alleged herein to be misleading prior to or shortly after their issuance and had the ability and opportunity to prevent their issuance or to cause them to be corrected. Because of their positions with the Company, and their access to material information available to them but not to the public, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to and were being concealed from the public, and that the positive representations

4

being made were then materially false and misleading. The Individual Defendants are liable for the false statements and omissions pleaded herein.

## SUBSTANTIVE ALLEGATIONS

### Background

18. Aceto Corporation markets, sells, and distributes human health products, pharmaceutical ingredients, and performance chemicals. The Company offers finished dosage form generics, nutritionals, pharmaceutical intermediates, active pharmaceutical ingredients, specialty chemicals, and agricultural protection products.

### Materially False and Misleading Statements Issued During the Class Period

19. The Class Period begins on February 1, 2018, when Aceto issued a press release entitled "ACETO Reports Fiscal 2018 Second Quarter Results," announcing the Company's financial and operating results for the quarter ended December 31, 2017. The press release stated in relevant part:

> Fiscal 2018 Guidance
>
> For the fiscal year ending June 30, 2018, at current exchange rates, ACETO is providing financial guidance as follows:
>
> > Total revenues to increase approximately 10% to 15%;
> >
> > Reported diluted GAAP loss per share between $(0.22) and $(0.32);
> >
> > Diluted Non-GAAP earnings per share between $1.00 and $1.05.
>
> The Company's fiscal 2018 financial guidance is based in part on the following assumptions:
>
> > Generic industry headwinds continued in our second fiscal quarter and we are expecting annual price erosion in the low double digits percentage;
> >
> > Reported diluted GAAP loss per share includes an additional tax expense of $0.39 related to the TCJA
> >
> > R&D expense of approximately $9.0 million; and,

5

> Total generic product launches of 15 to 20.

20. On February 2, 2018, Aceto filed a Quarterly Report on Form 10-Q with the SEC, reporting in full the Company's financial and operating results for the quarter ended December 31, 2017 (the "Q2 2018 10-Q"). For the quarter, Aceto reported a net loss of $13.86 million, or $0.39 per diluted share, on revenue of $171.23 million, compared to a net loss of $560,000, or $0.02 per diluted share, on revenue of $125.55 million for the same period in the prior year.

21. The Q2 2018 10-Q contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 by the Individual Defendants, stating, in relevant part, that the Q2 2018 10-Q "does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this report" and that "the financial statements, and other financial information included in this report, fairly present in all material respects the financial condition, results of operations and cash flows of the Registrant as of, and for, the periods presented in this report."

22. On that same day, February 2, 2018, Aceto held an earnings conference call with investors and analysts to discuss the Q2 2018. During the conference call, Defendant Kennally stated in relevant part:

> …[W]e expect net sales growth of 10% to 15% with Pharmaceutical Ingredients accounting for more than half of the revision, reported GAAP earnings per share to be in the range of a loss of $0.22 to $0.32, and diluted non-GAAP earnings per share to be between $1 and $1.05.
>
> Our results for the second half of fiscal 2018 are expected to be modestly better than the first half of the year. And regarding R&D, we now anticipate spending approximately $9 million in fiscal 2018 for our finished dose generics pipeline versus the previous expectation of $10 million. And just as a reminder, our R&D expenditures are milestone-based.

23. The statements referenced in ¶¶ 19-22 were materially false and misleading because Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) due to undisclosed competitive and pricing pressures, Aceto was unlikely to meet the performance metrics the Company provided to its investors as financial guidance; (ii) accordingly, Aceto's financial guidance was overstated; and (iii) as a result of the foregoing, Aceto's financial statements and Defendants' statements about Aceto's business, operations, and prospects, were materially false and misleading at all relevant times.

### The Truth Begins to Emerge

24. On April 18, 2018, after the market closed, Aceto issued a press release entitled "ACETO Board Takes Proactive Steps to Address Business and Financial Challenges," disclosing that "the financial guidance issued on February 1, 2018, should no longer be relied upon," and suspended "further financial guidance for at least the balance of the fiscal year." The press release stated in relevant part:

> PORT WASHINGTON, N.Y., April 18, 2018 (GLOBE NEWSWIRE) -- ACETO Corporation (Nasdaq:ACET), an international company engaged in the development, marketing, sale and distribution of Human Health products, Pharmaceutical Ingredients and Performance Chemicals, announced, in light of the persistent adverse conditions in the generics market, it is negotiating with its bank lenders a waiver of its credit agreement with respect to its total net leverage and debt service coverage financial covenants in the fiscal third quarter, and that ***the financial guidance issued on February 1, 2018, should no longer be relied upon. In addition, the Company anticipates recording non-cash intangible asset impairment charges, including goodwill, in the range of $230 million to $260 million on certain currently marketed and pipeline generic products as a result of continued intense competitive and pricing pressures.***
>
> Al Eilender, Chairman, said, "Given continued headwinds in the generics market, the Board has taken decisive action by bolstering the Company's senior leadership, engaging in proactive discussions with its secured lenders, and initiating a thorough evaluation of strategic alternatives. The Board looks forward

7

to working with and supporting management throughout this process and appreciates the continued dedication of its employees and other stakeholders while it navigates this difficult industry environment."

\*\*\*

The Board announced the appointment of Rebecca Roof as Interim CFO and the ***resignation of CFO Edward Borkowski***, who has decided to pursue another opportunity. Ms. Roof is a highly experienced finance professional and a Managing Director at AlixPartners LLP. While at AlixPartners, Ms. Roof has served as Interim Chief Financial Officer of the Eastman Kodak Company, Atkins Nutritionals, Anchor Glass Corporation, Fleming Foods, and several privately held entities. Her pharmaceutical and specialty chemicals experience includes leadership roles at Taro Pharmaceuticals and LyondellBasell, also while at AlixPartners.

(Emphasis added.)

25. On this news, Aceto's share price fell $4.74 per share, or 64%, to close at $2.66 per share on April 19, 2018.

26. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Aceto securities during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

28. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Aceto securities were actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by Aceto or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

29. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

30. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

31. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of Aceto;

- whether the Individual Defendants caused Aceto to issue false and misleading financial statements during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and misleading financial statements;

9

- whether the prices of Aceto securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

32. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

33. Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- Aceto securities are traded in an efficient market;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the NASDAQ and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased, acquired and/or sold Aceto securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

34. Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

35. Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

**(Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against All Defendants)**

36. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

37. This Count is asserted against Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

38. During the Class Period, Defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities. Such scheme was intended to, and, throughout the Class Period, did:  (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of Aceto securities; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire Aceto securities and options at artificially inflated prices. In furtherance of

this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

39.     Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the Defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for Aceto securities. Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about Aceto's finances and business prospects.

40.     By virtue of their positions at Aceto , Defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, Defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to Defendants. Said acts and omissions of Defendants were committed willfully or with reckless disregard for the truth. In addition, each Defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

41.     Information showing that Defendants acted knowingly or with reckless disregard for the truth is peculiarly within Defendants' knowledge and control. As the senior managers and/or directors of Aceto, the Individual Defendants had knowledge of the details of Aceto's internal affairs.

42. The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein. Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of Aceto. As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to Aceto's businesses, operations, future financial condition and future prospects. As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of Aceto securities was artificially inflated throughout the Class Period. In ignorance of the adverse facts concerning Aceto's business and financial condition which were concealed by Defendants, Plaintiff and the other members of the Class purchased or otherwise acquired Aceto securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by Defendants, and were damaged thereby.

43. During the Class Period, Aceto securities were traded on an active and efficient market. Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the Defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of Aceto securities at prices artificially inflated by Defendants' wrongful conduct. Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid. At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of Aceto securities was substantially lower than the prices paid by Plaintiff and the

other members of the Class. The market price of Aceto securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

44. By reason of the conduct alleged herein, Defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

45. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions and sales of the Company's securities during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

## COUNT II

**(Violations of Section 20(a) of the Exchange Act Against The Individual Defendants)**

46. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

47. During the Class Period, the Individual Defendants participated in the operation and management of Aceto, and conducted and participated, directly and indirectly, in the conduct of Aceto's business affairs. Because of their senior positions, they knew the adverse non-public information about Aceto's misstatement of income and expenses and false financial statements.

48. As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to Aceto's financial condition and results of operations, and to correct promptly any public statements issued by Aceto which had become materially false or misleading.

49. Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which Aceto disseminated in the marketplace during the Class Period concerning Aceto's results of operations. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause Aceto to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of Aceto within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Aceto securities.

50. Each of the Individual Defendants, therefore, acted as a controlling person of Aceto. By reason of their senior management positions and/or being directors of Aceto, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, Aceto to engage in the unlawful acts and conduct complained of herein. Each of the Individual Defendants exercised control over the general operations of Aceto and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

51. By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Aceto.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A. Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.   Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C.   Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.   Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: April 25, 2018

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
        ahood@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: pdahlstrom@pomlaw.com

*Attorneys for Plaintiff*

# CERTIFICATION PURSUANT TO FEDERAL SECURITIES LAWS

1. I, __JincaiYang_____, make this declaration pursuant to Section 27(a)(2) of the Securities Act of 1933 ("Securities Act") and/or Section 21D(a)(2) of the Securities Exchange Act of 1934 ("Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995.

2. I have reviewed a Complaint against Aceto Corporation (NASDAQ: ACET, hereafter referred as the "Company") and authorize the filing of a comparable complaint on my behalf.

3. I did not purchase or acquire the "Company" securities at the direction of plaintiffs counsel or in order to participate in any private action arising under the Securities Act or Exchange Act.

4. I am willing to serve as a representative party on behalf of a Class of investors who purchased or acquired the "Company" securities during the class period, including providing testimony at deposition and trial, if necessary. I understand that the Court has the authority to select the most adequate lead plaintiff in this action.

5. To the best of my current knowledge, the attached sheet lists all of my transactions in the "Company" securities during the Class Period as specified in the Complaint.

6. During the three-year period preceding the date on which this Certification is signed, I have not sought to serve as a representative party on behalf of a class under the federal securities laws.

7. I agree not to accept any payment for serving as a representative party on behalf of the class as set forth in the Complaint, beyond my pro rata share of any recovery, except such reasonable costs and expenses directly relating to the representation of the class as ordered or approved by the Court.

8. I declare under penalty of perjury that the foregoing is true and correct.


Executed __Apr. 24th, 2018_____

(Date)

_____ 4/24/2018

(Signature)

_____Jincai Yang_____

(Type or Print Name)

**ACETO CORPORATION (ACET)** **Yang, Jincai**

### LIST OF PURCHASES AND SALES

| DATE | PURCHASE OR SALE | NUMBER OF SHARES/UNITS | PRICE PER SHARES/UNITS |
|---|---|---|---|
| 3/26/2018 | Purchase | 4 | $7.0858 |
| 4/16/2018 | Purchase | 400 | $7.1000 |